**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURPREET SINGH, | No. 08-70087 |
| Petitioner, | Agency No. A075-251-323 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 6, 2010[**]

Before:     GOODWIN, RYMER, and GRABER, Circuit Judges.

Gurpreet Singh, native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the BIA's factual findings.  *Afriyie v. Holder*, 613 F.3d 924, 931(9th Cir. 2010).  We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of CAT because Singh failed to establish it is more likely than not he would be tortured if returned to India.  *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

Singh testified that at the age of 12 he witnessed police officers tie his mother to a tree and beat her.  He also testified that after the police arrested his mother and father, he never heard from them again.  Thus, the record does not support the BIA's finding that Singh presented "no evidence" he was harmed by the Indian government.  *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1045-46 (9th Cir. 2007) ("injuries to a family must be considered in an asylum case where the events that form the basis of the past persecution claim were perceived when the petitioner was a child").

The BIA cited the declaration Singh submitted with his asylum application that his parents were arrested because of his uncle's membership in the Akali Dal. The BIA later stated the record contains "no evidence" the disappearance of Singh's parents was other than random violence.  Because these findings are inconsistent, and because the BIA did not consider other evidence of a nexus in the

affidavits Singh submitted, we grant the petition with respect to Singh's asylum and withholding of removal claims, and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**